**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET** |
| **VERSUS** | * | **NO. 05-120** |
| **TIMOTHY DIXON** | * | **SECTION: "F"** |

**DEFENDANT'S SENTENCING MEMORANDUM AND INCORPORATED OBJECTIONS**

**NOW INTO COURT** comes the defendant, Timothy Dixon, who through undersigned counsel, files this sentencing memorandum and respectfully asserts the following objection to the presentence report prepared in connection with the sentencing hearing which is presently set for November 9, 2006, for the following reasons:

**Objection # 1**:

Defendant, Mr. Dixon objects to the two level enhancement contained in paragraph 18 of the presentence report for obstruction of justice. The enhancement was assessed pursuant to U.S.S.G.§ 3C1.1 based on assertions that Mr. Dixon committed perjury when he denied his guilt at trial. Mr. Dixon objects to this enhancement because the facts elicited during the course of the trial do not support the enhancement. While the jury did not accept his testimony, the fact that he testified and denied responsibility should not be the basis for

an obstruction of justice enhancement. Mr. Dixon had a constitutional right to testify at trial, therefore his decision to testify should not result in a sentencing enhancement.

The Court has wide discretion in deciding whether a sentencing enhancement should be imposed in a specific case. The appellate courts have used an abuse of discretion standard in analyzing the trial court's imposition of sentencing enhancements. Generally, courts have utilized a preponderance of evidence standard to determine whether a sentencing enhancement should be imposed in a specific case. However, in some instances where the application of the sentencing enhancement results in a significant increase in the offender's exposure under the sentencing guidelines, some courts have required the government to prove the applicability of the sentencing enhancement by clear and convincing evidence.

**SENTENCING FACTORS**

Section 3553 (a) states that "the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. (1) The court must consider the nature and circumstances of the offense and the history and characteristics of the defendant; (2) The need for the sentence imposed -

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The goals of sentencing are clearly set out in 18 U.S.C. § 3553. In applying the §3553 factors to this case, all of the enumerated goals can be accomplished by imposing a probationary sentence in this case.

Mr. Dixon received a four level increase from offense level 12 up to offense level 16 based on an enhancement for disruption of governmental business. This enhancement increased Mr. Dixon's presumptive guideline range from 10-16 months (Zone C), with the possibility of a probationary sentence, up to a presumptive guideline range of 21 to 27 months (Zone D). This is a significant increase in his exposure under the advisory guidelines. This also reduces the likelihood of a probationary sentence being imposed in the case. Consequently, imposing the two level enhancement would result in a sentencing guideline range of 27 to 33 months.

This sentencing range overstates Mr. Dixon's criminality and would be greater punishment than necessary to satisfy the purposes of sentencing set forth in 18 U.S.C. § 3553. Such a long sentence will not serve as deterrence for Mr. Dixon. A shorter sentence will still allow Mr. Dixon to receive mental health counseling and vocational training necessary to insure that he has a marketable skill which will permit him to secure gainful employment after his release from BOP custody.

Mr. Dixon is a young man without significant family support. Mr. Dixon has a history of mental and emotional problems that were diagnosed when he was a young child. Mr. Dixon would benefit from mental health counseling and treatment. Given Mr. Dixon's history, education and lack of family resources, he would benefit from the services and

structure that could be provided to him during a term of probation. Therefore, a non guideline sentence should be imposed by the Court in this case.

This Court should not impose the two level obstruction of justice sentencing enhancement sought by the government. This would reduce his total offense level from 18, down to a total offense level of 16. According to the sentencing guidelines, a base offense level of 16, with a criminal history category of I would result in an advisory guideline range of 21 to 27 months. This sentencing range is still longer than necessary to accomplish the sentencing goals set forth in 3553(a). Consequently, the defense request a sentencing variance, in that the Court impose a probationary sentence and place Mr. Dixon on probation for an extended term to allow him to receive the needed services and treatment.

Since the Supreme Court's ruling in *United States v. Booker*, 125 S. Ct. 738, 766 (2005), that the Federal Sentencing Guidelines are advisory and not binding on judges, judges must ensure that imposed sentences reasonably consider the various factors delineated in 18 U.S.C.A. § 3553(a). *United States v. Oliver*, 397 F.3d 369, 381 (6th Cir. 2005). Judges are given considerable discretion in imposing sentences; however, the court must impose a sentence sufficient, but not excessive, to achieve the desired punitive effect. 18 U.S.C. § 3553(a). The court must examine the factors in order to impose a reasonable sentence. Among these factors is "the nature and circumstances of the offense and the history and characteristics of the defendant." § 3553(a)(1).

## CONCLUSION

Mr. Dixon respectfully requests that this Honorable Court consider the factors set forth in 18 U.S.C. § 3553(a) including his excellent prospects for rehabilitation and training. We ask the court to exercise its considerable discretion in this case by imposing a probationary sentence in this case. A long jail term would result in unnecessary punishment and violate the express goals set forth by the United States Sentencing Commission.

**WHEREFORE**, the defendant requests the this Honorable Court grant his objection to the presentence report filed in this matter.

Respectfully submitted this 31st day of October, 2006.

VIRGINIA LAUGHLIN SCHLUETER
Federal Public Defender

/s/George Chaney, Jr.
GEORGE CHANEY, JR.
Assistant Federal Public Defender
500 Poydras Street, Suite 318
New Orleans, Louisiana 70130
Telephone: (504) 589-7930
Bar # 22215
e-mail: george_chaney@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Mark Miller, Assistant United States Attorney, 500 Poydras Street, New Orleans, Louisiana. I further certify that I hand delivered the foregoing document and the notice of electronic filing to the following non-CM/ECF participants: Cathy Harbison, United States Probation Officer, 500 Poydras Street, New Orleans, Louisiana.

/s/George Chaney, Jr.
GEORGE CHANEY, JR.