UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET NO. 05-120** |
| **v.** | * | **SECTION: "F"** |
| **TIMOTHY DIXON** | * | |
| | * | |

* * *

**GOVERNMENT'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR NONGUIDELINE SENTENCE AND INCORPORATED MEMORANDUM FOR SENTENCING VARIANCE**

**NOW INTO COURT** comes the United States of America through Jim Letten, United States Attorney, and Mark A. Miller and Emily K. Greenfield, Assistant United States Attorneys, all for the Eastern District of Louisiana and files its response and memorandum in opposition to defendant's motion for nonguideline sentence and incorporated memorandum for sentencing variance.

## I. Discussion

The defendant has filed a pleading entitled "Motion for Nonguideline Sentence and Incorporated Memorandum for Sentencing Variance. In it, he requests the court "to depart from the advisory guideline range of 27-33 months and to give a sentencing variance in this case by imposing a probationary sentence in this case." See Defendant's Motion at 1. It is a rehash of his previous sentencing pleading. Notably, the defendant asks for this probationary term while accepting no responsibility for his actions or exhibiting any contrition for the crime he committed or the harm and mayhem that resulted.

Instead, the defendant seeks this departure based on his social and mental health history and his need for mental health treatment. He argues that these factors override any other consideration in this case. Indeed, he ignores completely the nature of the offense, the harm, waste, inconvenience and distress caused by the his actions. He ignores the motivation for the hoax and the prior criminal and anti-social behavior that he has previously exhibited. More importantly, he ignores the need to punish him for his crime and dissuade others from engaging in hoaxes involving alleged terrorist acts.

As stated in the government's response to defendant's previous pleading, the sentencing range of 27-33 months established in the Presentence Report satisfies the factors set forth in Section 3553(a) and is reasonable given the nature of the crime and the individual characteristics of the defendant. *See generally* United States v. Smith, 404 F.3d 369, 706-707 (5th Cir. 2006). There is a need for the sentence in this case to punish the offender, promote general and specific deterrence and protect the public from future crimes by the defendant. A sentence less than the current guideline range will not adequately punish the defendant for his crime. His deliberate actions, which were fueled by a desire to "get even with society", disrupted the operations of the Post Office, caused the police and other emergency personnel to expend limited resources and inflicted emotional distress on citizens who thought they might have been exposed to a deadly toxin. Likewise a sentence of less than 27-33 months will not serve as a deterrent to the defendant or others who might consider committing a similar hoax. It will only embolden him and others like him.

Any reduced sentence will also not protect the public from future criminality by the defendant. As the testimony at trial established, the defendant has exhibited this type of anti-social

behavior on other occasions and the present charge is a continuation of his anti-government sentiments. In a post 9-11 world, actions like those of this defendant cannot be tolerated and every effort must be made to discourage future similar behavior. In short, a probationary term will not satisfy any of the sentencing factors in Section 3553(a) or adequately address the particular needs in this case.

The defendant in this brief again emphasizes the need for mental health counseling and treatment. As stated by the government in other pleadings, the evidence at trial showed that he has received significant such treatment over an extended period of time. It did not prevent the present offense and there is no indication it will prevent future and potentially more violent acts. In any event, this type of counseling will be available to him through the Bureau of Prisons and during his supervised release term.

Lastly, defendant argues that the defendant should not be imprisoned because will not function well in that setting as a result of his mental and emotional immaturity. He also argues that he will be victimized as a result of his slight build and lack of social skills. The defendant makes these assertions generally and offers no specific evidence in support of these claims. The Bureau of Prisons has encountered prisoners like the defendant on many occasions and has the tools and ability to address any of these concerns, if in fact they exist. Moreover, to adopt the defendant's reasoning would result in a sentencing principle that based sentencing decsions on age and size and not on the characteristics of the crime and the defendant.

. **II. Conclusion**

Accordingly, for the foregoing reasons and authorities, the defendant's request for a probationary sentence should should be denied and the court should sentence the defendant within the sentencing range contained in the Presentence Report.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

s/ Mark A. Miller

Mark A. Miller (MO 30488)
Chief, Organized Crime Strike Force Unit
Assistant United States Attorney
Hale Boggs Federal Building
500 Poydras Street, Room 210B
New Orleans, Louisiana 70130
Tel: 504.680.3157
mark.a.miller@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2006, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

S/Mark A. Miller
Mark A. Miller
Assistant United States Attorney