UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 05-120 |
| TIMOTHY BLAKE DIXON | SECTION "F" |

### ORDER AND REASONS

Before the Court is Timothy Blake Dixon's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the reasons that follow, the motion is DENIED.

### Background

On July 12, 2004, a white crystalline substance in a clear plastic bag labeled "ANTHRAX DIE AMERICANS" was found on a customer lobby table in the U.S. Post Office in Meraux, Louisiana. (Later analysis revealed the bag contained sugar.) The Federal Bureau of Investigation Joint Terrorism Task Force was called in to investigate, and the defendant, Timothy Blake Dixon, an 18-year old high school senior, became a suspect. During an interview at his home in January 2005, Dixon confessed to the crime. He was arrested. Later that same day at the local FBI office, Dixon again confessed and printed his name on a Miranda rights form. Prior to trial, Dixon sought to suppress his confessions, but his motion was

denied and the confessions were admitted at trial.

On August 23, 2006, after a two-day trial,[1] a jury found Timothy Blake Dixon guilty of willfully and maliciously conveying false information in violation of 18 U.S.C. § 35(b).[2] This Court entered judgment on the conviction; on November 9, 2006, the Court sentenced the defendant to 30 months imprisonment, to be followed by three years of supervised release, and ordered that he pay a $100 special assessment fee.[3]

On November 20, 2006, Dixon filed a timely notice of appeal to the Fifth Circuit. Dixon asked the Fifth Circuit to overturn his conviction and sentence, asserting that this Court: (1) improperly denied his motion to suppress his two confessions; (2) improperly excluded Dixon's expert testimony regarding false confessions; (3) improperly denied his motion for acquittal because there was no evidence corroborating his confessions; (4) improperly applied the

---

[1] Dixon testified, as he did during the suppression hearing, that his confessions were the product of coercive tactics and threats, and were therefore involuntary.

[2] Title 18, U.S.C., Section 35(b) makes it a crime to willfully and maliciously, or with reckless disregard for the safety of human life, convey false information concerning an attempt to violate Section 33(a). Section 33(a) prohibits a person from placing destructive substances in facilities supporting interstate commerce. See 18 U.S.C. § 33(a).

[3] During the sentencing hearing, the Court denied Dixon's motion for a non-guideline sentence, in part because "of his serious behavioral issues and because of...[his] morbid attraction to a period of world history that is at best disgusting, Nazism,...Dixon needs a more structured environment than urged by [defense counsel]."

2

obstruction of justice sentencing enhancement; and (5) improperly considered Dixon's Nazi sympathies in selecting a sentence. In rejecting Dixon's arguments on direct appeal, on January 16, 2008, the Fifth Circuit upheld Dixon's conviction and sentence, affirming this Court in all respects. See United States v. Dixon, 261 Fed.Appx. 800 (5th Cir. 2008) (unpublished).

Dixon now moves to vacate his conviction and sentence on several grounds; he asserts that: (1) his conviction was obtained by the use of coerced confessions; (2) this Court was biased against him because of his beliefs; (3) this Court wrongfully used his beliefs as a factor at sentencing; and (4) "the prosecution beared false witness against [him]."

I.

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), there is a one-year statute of limitations for filing habeas petitions. The statute of limitations under the AEDPA is not jurisdictional, however, and is subject to equitable tolling, but only in "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The defendant was sentenced on November 9, 2006, but took advantage of the direct appellate process. His judgment did not become final until January 16, 2008, when the Fifth Circuit upheld the defendant's conviction and sentence. The statute of limitations begins to run on the date on which the judgment of conviction becomes final, so the

3

defendant's petition for collateral review is timely.

The record in this case shows that the prisoner, Timothy Dixon, is not entitled to relief. Because the prisoner has failed to allege facts which would support the granting or relief and this matter is based entirely on the application of legal principles to established facts, an evidentiary hearing is not required. See U.S. v. Jones, 614 F.2d 80, 83 (5th Cir. 1980) (citations omitted) ("When claims for habeas relief are based on unsupported generalizations, a hearing is not required.") see also 28 U.S.C. § 2255.

## II.

Issues decided on direct appeal cannot be considered in a Section 2255 motion. See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986); accord United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994). Fourth Amendment claims are not cognizable on collateral review as long as the defendant had a "full and fair" opportunity to litigate the claim on direct appeal. See Stone v. Powell, 428 U.S. 465, 494 (1976); see also United States v. Ishmael, 343 F.3d 741, 742 (5th Cir. 2003). These settled principles dispose of two of Dixon's claims.

Dixon challenges his conviction on the ground that it was obtained through the use of coerced confessions because the FBI used scare tactics, threats, and misleading statements. This issue was litigated prior to trial when the Court conducted a suppression hearing. When this Court denied the motion, Dixon challenged this

Court's ruling and the admission of the statements on appeal; the Fifth Circuit held that the Court properly denied the motion to suppress his confessions. United States v. Dixon, 261 Fed.Appx. 800, 804-05 (5th Cir. 2008). Dixon may not now revisit this same issue raised and decided in his direct appeal.

Dixon also challenges his sentence on the ground that the Court "wrongfully used [his] beliefs as a factor at sentencing." Again, Dixon raised this very issue on direct appeal: The Fifth Circuit specifically found that this Court did not improperly consider the defendant's Nazi sympathies in selecting a sentence. Id. at 809-10. Again, Dixon may not revisit this same issue raised and decided on his direct appeal.

### III.

Dixon's two remaining claims could have been raised on direct appeal, but were not. Habeas corpus relief is considered an extraordinary remedy and "will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Accordingly, the Court must first consider the procedural hurdles to claims he could have previously raised prior to considering the merits of his claims (that the judge was biased against him and that the government presented false testimony at trial).

A defendant procedurally defaults any claim that is not raised on direct appeal. See id. Indeed, the Fifth Circuit has

5

instructed:

> It is well-settled that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the petitioner can first demonstrate either (1) cause and prejudice, or (2) that he is "actually innocent" of the crime for which he was convicted.

United States v. Sorrells, 145 F.3d 744, 749 (5th Cir. 1998) (citing Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Dixon does not contend, nor does he supply any proof, that he is actually innocent. (Even had he suggested he was innocent, his confessions and the corroborating evidence at trial undermine any assertion of innocence.) Thus, the Court focuses on the cause and prejudice inquiry.

One of Dixon's challenges to his conviction that he could have raised on direct appeal is that "the judge was biased against [him] because of his beliefs" and that "the judge made numerous judgments on [his] political beliefs during the trial of no value to the court or jury." Dixon makes no attempt to establish any "cause" for his failure to raise this issue on direct appeal. Nor does Dixon cite to anything in the record to support this conclusory assertion. Because Dixon fails to show cause and prejudice and fails to show that he is actually innocent, he fails to overcome the procedural bar to asserting that this Court was biased against him.

Likewise, Dixon is procedurally barred from attacking his

conviction based on his assertion that false testimony was presented by the government at trial. He failed to raise this issue previously, and has failed to explain his failure to do so. As noted, Dixon does not assert that he is actually innocent of willfully and maliciously conveying false information, the charge for which he confessed to and was convicted of. Because he failed to raise this false testimony assertion on direct appeal and now fails to show (or even assert) both "cause" for failing to raise the issue on direct appeal and "actual prejudice" resulting from the error, Dixon is procedurally barred from attacking his conviction on this ground.

Accordingly, the defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is DENIED.

New Orleans, Louisiana, April 30, 2009.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE